**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**ERIC BRITTEN,**

Plaintiff,

v.

**STEVE MEYERS, JOSEPH JORUSZEWSKI, DARREN JOHNSON, and MIKE ROSEEN,**

Defendants.

Civil No. 00-507 (ADM/JGL)

**ORDER**

---

Eric Britten, pro se.

Karla F. Hancock, Esq., Sr. Assistant Hennepin County Attorney, on behalf of Defendant.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Plaintiff's Motion for Production of Documents (Doc. No. 13) and Motion for Appointment of Counsel (Doc. No. 14). Plaintiff, a prisoner of the State of Minnesota, has filed this lawsuit based on an alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff has been granted permission to proceed in forma pauperis in this matter. This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

As an initial matter, the Court notes that Plaintiff's motion does not appear to have been served on the Defendants as required by

FILED JAN 24 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

the Federal Rules of Civil Procedure. Plaintiff is advised that all future filings must be served on the attorney for Defendants. If Plaintiff fails to serve all future filings, the Court will not address those motions. However, the Court will be lenient with Plaintiff this time as he is pro se, and address this motion.

Indigent civil litigants do not have a constitutional or statutory right to appointed counsel, even in civil rights cases. See Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985). A court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, considering the complexity of factual and legal issues, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim. See Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In the present case, the Court finds that neither the facts nor the legal issues contemplated in this case are so complex as to necessitate appointment of counsel for Plaintiff Britten. It appears to the Court that Plaintiff Britten has the threshold ability to state his claims and argue his positions despite his professed lack of education. The Court therefore concludes that Plaintiff Britten is capable of self-representation in this matter. Furthermore, the Court concludes that appointment of counsel to Plaintiff Britten would not substantially

benefit the Court or Plaintiff. Accordingly, Plaintiff's motion for appointment of counsel is denied.

As for Plaintiff's motion for production of documents, the Court notes that this motion does not appear to have been served on Defendants. Plaintiff's motion is more appropriately a discovery request, not a motion for production. Plaintiff is advised to serve his request for production of documents on Defendants pursuant to Federal Rule of Civil Procedure 34. Only after proper service and a subsequent failure to answer by Defendants should Plaintiff bring a motion to compel production. Therefore, Plaintiff's motion is denied without prejudice.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Plaintiffs' Motion for Appointment of Counsel (Doc. No. 14) is **DENIED;**

(2) Plaintiff's Motion for Production (Doc. No. 13) is **DENIED WITHOUT PREJUDICE;** and

(3) All Pretrial Order deadlines shall be extended 120 days in light of this Order.

Dated: January 24, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge